UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROLEUM ENHANCER, LLC,
a Michigan limited liability company,

    Plaintiff,

v.

    Case Number 07-12425-BC
    Honorable Thomas L. Ludington

LESTER R. WOODWARD,

    Defendant,

POLAR MOLECULAR CORP.,

    Intervenor-plaintiff,

POLAR MOLECULAR HOLDING CORP.,

    Interpleader-plaintiff.
_____/

## ORDER DENYING IN PART POLAR'S MOTION
## FOR A TEMPORARY RESTRAINING ORDER

    Plaintiff Petroleum Enhancer, L.L.C. (Petroleum Enhancer) commenced this case seeking to enforce a loan agreement, alleging a default in payment of a promissory note and requesting claim and delivery under Mich. Comp. Laws § 600.2920, by Plaintiff Petroleum Enhancer, L.L.C. (Petroleum Enhancer) against Defendant Lester Woodward. Woodward served as the escrow agent, who was entrusted to have possession of two assignments of a security interest in, *inter alia*, intellectual property that Polar Molecular Corporation (Polar) has pledged to secure payment of a promissory note. At an earlier point in the proceedings, the Court required Woodward to deliver the assignments to Petroleum Enhancer, and Woodward has now complied with that order.

On July 17, 2007, Woodward filed a response to a motion that included an affidavit from Mark Nelson, who is the co-founder, chair, president, and chief executive officer of Polar. On September 6, 2007, one month after the Court first ordered Woodward to deliver the assignments to Petroleum Enhancer, Polar filed a motion to intervene. Polar there alleged a wide range of purported employee, officer, and director misconduct otherwise unrelated to the specific terms of the loan originally implemented on October 25, 2001. Without resolving that motion, during the course of a hearing on September 14, 2007, the Court allowed Polar to intervene on a limited basis, so as to permit it to address any issues that might arise in the course of the anticipated sale of the intellectual property that serves as security for the promissory note. Polar did not dispute its default in payment of the loan promissory note.

On September 28, 2007, Polar filed a second motion to intervene, a motion for preliminary injunction, and a motion to expedite the hearing on those two motions. On October 3, 2007, the Court set the substantive motions for hearings on October 24, 2007 and November 7, 2007. On October 4, 2007, the Court denied the motion to expedite the other two motions, noting that the limited argument offered in Polar's emergency motion for an expedited hearing did not advise the Court of a justification for accelerated attention to the case.

That same day, on October 4, 2007, Polar filed a motion for a "second motion for preliminary injunction [and] temporary restraining order." Polar also timely filed objections to Petroleum Enhancer's proposed foreclosure procedures, which are currently (and will remain) set for hearing on October 24, 2007. Polar's one and one-half page motion for a temporary restraining order neglects to identify any efforts by Polar's attorney to "certif[y] to the [C]ourt in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that

notice should not be required." Fed. R. Civ. P. 65(b)(2). Nor do the affidavits attached to Polar's several recent filings (albeit not attached to the motion for a preliminary injunction) clearly demonstrate what "immediate and irreparable injury, loss, or damage will result" to Polar before it can be heard. Fed. R. Civ. P. 65(b)(1). According to Polar's motion, any sale is expected to proceed on December 3, 2007. A hearing is set on Polar's objections to proposed procedures for that sale on October 24, 2007. An additional hearing is set for November 7, 2007 on Polar's motions to intervene in the case, beyond the limited basis already permitted to object to the method of sale of its collateral. The Court is unable to discern an immediate injury to Polar.

In the instant motion, Polar alleges in great detail that certain members of its board scuttled the financing for a preferred stock offering and later purchased the holder's interest in the promissory note. While such allegations may support separate causes of action, perhaps based on a breach of fiduciary duty, such conduct does not, on its face, implicate Polar's obligation under the promissory note. Regardless of the conduct of its directors and executives, or former directors and executives, Polar agreed to a loan and set the terms of collateral for that loan, years before the alleged misconduct involving the preferred stock offering. Nothing in Polar's filings identifies a connection between (1) the election of the successor in interest to the loan creditor to collect on Polar's debt and (2) the purported misconduct of certain of Polar's directors and executives. Without any such connection, the Court cannot divine a basis for enjoining the conduct of the parties to the litigation at the behest of Polar, who the Court has currently allowed to intervene to the extent of objecting to procedures for selling the collateral. With all the more force, then, the Court cannot provide such relief on an *ex parte* basis, as Polar seeks in its motion for a temporary restraining order.

Accordingly, it is **ORDERED** that Polar's motion for a second motion for preliminary injunction and temporary restraining order [dkt #41] is **DENIED IN PART**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 11, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS