UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROLEUM ENHANCER, LLC,
a Michigan limited liability company,

        Plaintiff,

v.

        Case Number 07-12425-BC
        Honorable Thomas L. Ludington

LESTER R. WOODWARD,

        Defendant,

POLAR MOLECULAR CORP.,

        Intervenor-plaintiff,

POLAR MOLECULAR HOLDING CORP.,

        Interpleader-plaintiff.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART
POLAR'S OBJECTIONS TO PLAINTIFF'S PROPOSED SALE PROCEDURES
AND DENYING POLAR'S MOTIONS FOR A PRELIMINARY INJUNCTION**

Plaintiff Petroleum Enhancer, L.L.C. (Petroleum Enhancer) commenced this case seeking to enforce a loan agreement, alleging a default in payment of a promissory note and requesting claim and delivery under Mich. Comp. Laws § 600.2920, from Defendant Lester Woodward. Woodward served as the escrow agent, who was entrusted to have possession of two assignments of a security interest in, *inter alia*, intellectual property that Polar Molecular Corporation (Polar) has pledged to secure payment of a promissory note.

At an earlier point in the proceedings, the Court required Woodward to deliver the assignments to Petroleum Enhancer, as it was uncontested that Polar was in default on payment of the promissory note. Woodward has now complied with that order. The Court then directed

Petroleum Enhancer to provide proposed procedures for the sale of the collateral and permitted Polar to intervene on a limited basis, so as to respond to that proposal. In separate filings, Polar alleges that certain members of its board, who it purports are now shareholders of Petroleum Enhancer, scuttled the financing for a preferred stock offering and later purchased the holder's interest in the promissory note.

Petroleum Enhancer provided proposed procedures for the sale on September 27, 2007. The following day, Polar filed a preliminary injunction to halt the sale, which Petroleum Enhancer proposed would occur on December 3, 2007.

Polar filed objections to that proposal on October 4, 2007. That same day, Polar also filed a motion for a temporary restraining order and for a second preliminary injunction. The Court denied that motion in part as to the temporary restraining order.

On October 22, 2007, Petroleum Enhancer filed a response to Polar's objections, and Petroleum Enhancer there made some modifications to its proposal, such as notices placing notice in two industry publications and including the patent numbers and a description of the technology derived from Polar's president's affidavit in that notice. At a hearing on Polar's motions for preliminary injunctions and Polar's objections to the proposed sale procedures on October 24, 2007, counsel for Petroleum Enhancer further agreed to include a description of the procedures to be used the day of the sale and offered to send personal invitations to entities that might have an interest in the sale, as identified by name and address by Polar. As described in greater detail on the record, the Court did not accept Polar's objections, except for requiring more time before the sale commences, i.e., not before January 7, 2008.

As to Polar's motions for a preliminary injunction, the standard for a preliminary injunction is as follows. A motion for a preliminary injunction requires a court to consider the following factors:

> (1) whether the movant has a "strong" likelihood of success on the merits;
> (2) whether the movant would otherwise suffer irreparable injury;
> (3) whether issuance of a preliminary injunction would cause substantial harm to others; and
> (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citations omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.") (citation omitted).

Here, Polar bases its argument for a preliminary injunction on its claims of breach of fiduciary duty and tortious interference against Plaintiff. Assuming, *arguendo*, that Polar could pursue its claims, to secure a preliminary injunction, Polar must make a "clear showing" that it would prevail on its burden of persuasion. The extraordinary nature of the remedy requires that the burden of that demonstration falls squarely on the movant. Polar's allusions to voluminous attached exhibits, coupled with a 1.5 page motion, do not meet that burden. Most importantly, Polar has offered no legal basis for barring a shareholder from purchasing a past-due loan that was negotiated and executed in October 2001. As allegations that this occurred provide the crux of its claims, Polar has not shown a likelihood that it would prevail on the merits.

Nor is it obvious that Polar would suffer irreparable injury. Although Polar may lose its collateral, that loss of collateral is pursuant to its uncontested default under the security agreement (and later extensions). The loss of Polar's collateral, then, is not an injury but a consequence of the bargain it struck for its loan. Polar has given no attention to whether others would be harmed by issuance of a preliminary injunction and whether the public would benefit by issuance of an injunction. Consequently, Polar has not met the standard for securing a preliminary injunction.

Accordingly, it is **ORDERED** that Polar's objections [dkt #40] are **SUSTAINED IN PART**, to the extent of requiring a later date for the sale, but are otherwise **OVERRULED**.

It is further **ORDERED** that Polar's motions for a preliminary injunction [dkt ##34, 41] are **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 29, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS