UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROLEUM ENHANCER, LLC,
a Michigan limited liability company,

           Plaintiff,

v.

           Case Number 07-12425-BC
           Honorable Thomas L. Ludington

LESTER R. WOODWARD,

           Defendant,

POLAR MOLECULAR CORP.,

           Intervenor-plaintiff,

POLAR MOLECULAR HOLDING CORP.,

           Interpleader-plaintiff.
_____ /

## ORDER GRANTING PETROLEUM ENHANCER'S MOTION
## TO PROCEED WITH SALE

Plaintiff Petroleum Enhancer, L.L.C. (Petroleum Enhancer) commenced this case on June 5, 2007, seeking to enforce a loan agreement and alleging a default in payment of a promissory note and requesting claim and delivery under Mich. Comp. Laws § 600.2920, from Defendant Lester Woodward. Woodward served as the escrow agent, who was entrusted to have possession of two assignments of a security interest in, *inter alia*, intellectual property that Polar Molecular Corporation (Polar) has pledged to secure payment of a promissory note.

Eventually, after two court orders of July 27, 2007 and September 14, 2007, Woodward turned over the collateral to Petroleum Enhancer. On October 24, 2007, the Court held a hearing regarding Petroleum Enhancer's proposed procedures for disposition of the collateral. At that

hearing and in an order of October 29, 2007, Petroleum Enhancer was directed not to conduct the sale before January 7, 2008.

At a telelphonic status conference and through a motion in February 2008, Petroleum Enhancer advised the Court that it had scheduled the sale for January 14, 2008. Petroleum Enhancer represented that Polar filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado on January 11, 2008. This petition, then, automatically stayed the sale of the collateral. Petroleum Enhancer stated that it filed a motion to dismiss those proceedings. In two further telephonic status conferences, on May 2, 2008 and June 5, 2008, the parties advised the Court of the status of the bankruptcy proceedings. The bankruptcy proceedings were eventually dismissed after Polar's counsel withdrew, citing an ethical conflict in continuing to represent Polar.

Pursuant to the Court's directive at a status conference, Petroleum Enhancer filed a motion to proceed with the sale of the collateral, which included its proposed procedures for the sale. These procedures largely mirror the procedures previously considered and approved by the Court in October 2007. On June 20, 2008, Polar filed objections to those proposed procedures, largely incorporating by reference objections that the Court had previously overruled.

In addition, Polar maintained that the seeming lack of interest by prospective purchasers indicates a deficiency in notice of the sale, that Petroleum Enhancer did not notify prospective purchasers identified by Polar, and that Petroleum Enhancer should bear the cost or providing notice of the sale. Without providing any rationale, Polar further requests that the Court appoint an auctioneer from among industry experts and that Polar have an additional 60 days to resolve the issue of its outstanding debt.

The Court will not revisit objections to Petroleum Enhancer's proposed procedures for sale

that have previously been overruled. While the alleged lack of response to the prior notices of the sale of the collateral may have some meaning, Polar offers no rationale or supporting documentation – other than its bare assertion – to show that it demonstrates a lack of notice. In its reply, Petroleum Enhancer represents that it has expressed its willingness to comply with the proposed procedures for the sale and notify prospective purchasers identified by Polar, but that Polar has not provided the contact information for those purchasers. Petroleum Enhancer reiterates its willingness to provide those notices and to bear the costs for doing so, if Polar provides the necessary contact information. As to Polar's remaining requests, it provides no basis for them, particularly where its contractual right to resolve its debt has long since lapsed. Polar gives no ground for continuing to delay the sale of the collateral.

Accordingly, it is **ORDERED** that Petroleum Enhancer's motion to proceed with the sale of the collateral [dkt #74] is **GRANTED**. The sale shall proceed in accordance with procedures identified in Petroleum Enhancer's Proposed Procedures for Disposition of Its Intellectual Property Collateral by Foreclosure Under UCC Article 9, attached as Exhibit B to Petroleum Enhancer's Motion to Proceed with Foreclosure, filed on June 11, 2008 [dkt #74-3].

    s/Thomas L. Ludington
    THOMAS L. LUDINGTON
    United States District Judge

Dated: July 1, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2008.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS