UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re POLAR MOLECULAR CORP.,

POLAR MOLECULAR CORP.,

       Plaintiff,

v.

PETROLEUM ENHANCER, LLC,

       Defendant.
_____/

Case Number 09-10247-BC
Honorable Thomas L. Ludington

PETROLEUM ENHANCER, LLC,
a Michigan limited liability company,

       Plaintiff,

v.

LESTER R. WOODWARD,

       Defendant,

POLAR MOLECULAR CORP.,

       Intervenor-plaintiff,

POLAR MOLECULAR HOLDING CORP.,

       Interpleader-plaintiff,

v.

AFFILIATED INVESTEMENTS, LLC,
RICHARD SOCIA, CARL HILL, BRUCE
BECKER, A. RICHARD NELSON, DOLORES
COY-DEJONGH, ROBERT MACKENZIE,

       Third-party defendants.
_____/

Case Number 07-12425-BC
Honorable Thomas L. Ludington

## ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO UNITED STATES BANKRUPTCY COURT, WITHDRAWING REFERENCE, AND CONSOLIDATING CASES THROUGH THE CLOSE OF DISCOVERY

On or about August 4, 2008, Plaintiff Polar Molecular ("Polar") commenced a Chapter 11 case in the United States Bankruptcy Court for the District of Colorado. On October 21, 2008, Defendant commenced an adversary proceeding within the bankruptcy case. On January 12, 2009, the bankruptcy court granted Defendant Petroleum Enhancer ("Petroleum")'s motion to transfer the adversary proceeding to this Court. The adversary proceeding was automatically transferred to the bankruptcy court in the Northern Division of the Eastern District of Michigan, pursuant to E.D. Mich. LR 83.50(a).

On February 13, 2009, Petroleum filed a motion to withdraw reference of adversary proceeding to the United States Bankruptcy Court [Dkt. # 2]. Petroleum contends that the factual allegations in the adversary proceeding are similar to the claims of Polar against Petroleum and others as alleged in Polar's counter-complaint and third-party complaint filed with this Court on November 19, 2007, in case number 07-12425. On February 27, 2009, Polar filed a response in opposition to Petroleum's motion [Dkt. # 4]. Polar's motion does not dispute the similarity of facts and claims between the adversary proceeding and case number 07-12425. Rather, Polar contends that the reference should not be withdrawn because the adversary proceeding is properly within the bankruptcy court's jurisdiction and that court is "most familiar with and best suited" to conduct the adversary proceeding.

In case number 07-12425, Petroleum initially filed a complaint against Lester Woodward, an escrow agent, seeking claim and delivery of two assignments pledged to secure a loan note for $600,000 by Polar. Petroleum's complaint alleged that on October 25, 2001, Polar gave a business

loan note to Affiliated Investments, L.L.C. ("Affiliated"), by which Polar promised to pay Affiliated $600,000 plus interest by a certain date. In exchange, Polar granted Affiliated a continuing security interest in, inter alia, Polar's rights and interests in certain intellectual property.

On or about October 14, 2004, Affiliated and Polar amended their agreement to require that a previously executed assignment of ownership rights in certain intellectual property be placed into escrow with Woodward. Subsequently, on or about April 26, 2007, Affiliated assigned all of its rights, title, and interest in the security agreement and note with Polar to Petroleum. On May 8, 2007, Petroleum advised Woodward that it was the holder of the note and the security agreement and that Polar was in default of its obligations. Petroleum demanded that Woodward release the executed assignments pursuant to the terms of the agreement. On September 14, 2007, the Court required Woodward to deliver the assignments to Petroleum, as it was uncontested that Polar was in default on payment of the promissory note. [Dkt. # 26]. On October 29, 2007, the Court entered an order directing Petroleum not to conduct a sale of the collateral before January 7, 2008.

On November 7, 2007, the Court granted Polar's motion to intervene [Dkt. # 52], and on November 19, 2007, Polar filed counterclaims against Petroleum and a third-party complaint against Affiliated, Richard Socia, Carl Hill, Robert MacKenzie, A. Richard Nelson, Dolores Coy-DeJongh and Bruce Becker. [Dkt. # 53, 54]. Polar alleged claims of breach of fiduciary duty, tortious interference, and civil conspiracy. Generally, Polar alleged that Petroleum is owned by "insiders and stockholders" of Polar, including Socia, Hill, and Becker. Polar alleges that Petroleum was formed for the sole purpose of purchasing Polar's debt in order to obtain the intellectual property collateral. Polar alleges that the named individuals are using their inside corporate knowledge of

Polar in their ongoing attempt to acquire Polar's intellectual properties, worth approximately $400,000,000, for only $2,000,000.

On or about January 11, 2008, Polar filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado. The petition automatically stayed the sale of the collateral. On March 6, 2008, the Court granted a stay of proceedings at the parties' request, to allow time for resolution of Petroleum's motion to dismiss Polar's petition. [Dkt. # 72]. The bankruptcy proceedings were eventually dismissed after Polar's counsel withdrew, citing an ethical conflict in continuing to represent Polar. On July 1, 2008, the Court granted Petroleum's motion to proceed with the sale of the collateral. [Dkt. # 79].

However, as previously mentioned, on August 4, 2008, Polar filed another Chapter 11 petition in the United States Bankruptcy Court for the District of Colorado, again staying the sale of the collateral. On October 21, 2008, Polar commenced the adversary proceeding that has been transferred from Colorado to the United States Bankruptcy Court for the Northern Division of the Eastern District of Michigan. In the adversary proceeding, Polar seeks a determination that Petroleum's claim should be disallowed under 11 U.S.C. § 502(b)(1) or subordinated under § 510(c). Generally, Polar alleges that Petroleum, through Socia, Hill, MacKenzie, Nelson, and Coy-DeJongh, and the use of inside information, planned to strip Polar of its assets by taking control of the Affiliated debt and related security interest under the guise of a Uniform Commercial Code Article 9 sale of the collateral. Polar's first claim for relief, under § 502(b)(1), alleges that Polar is entitled to set off against Petroleum's claim the damages that Polar as suffered as a result of "the improper actions" of Petroleum and its principals. In its second claim for relief, under § 510(c), Polar alleges

that Petroleum is an insider of Polar and engaged in inequitable conduct that was a breach of the fiduciary duties of the principals of Petroleum to Polar and its creditors.

Based on the similarity of the facts and claims in the adversary proceeding and pending case number 07-12425, the Court finds that the interests of administrative efficiency and judicial economy will be served by withdrawal of the reference. Additionally, the Court finds that the similarity of facts and claims justify the consolidation of the two cases at least through the close of discovery. The Court will issue a joint case management and scheduling order separate from this order.

Accordingly, it is **ORDERED** that Defendant Petroleum's motion to withdraw reference of adversary proceeding to the United States Bankruptcy Court [Case No. 09-10247, Dkt. # 2] is **GRANTED**.

It is further **ORDERED** that the reference of case number 09-10247 to the bankruptcy court is **WITHDRAWN**.

It is further **ORDERED** that 07-12425-BC, *Petroleum Enhancer v. Woodward*, and 09-10247-BC, *In re Polar Molecular*, are **CONSOLIDATED** through the close of discovery. The parties are directed to file motions, responsive materials, and other filings in the lower case number, 07-12425-BC.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 31, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2009.

        s/Tracy A. Jacobs
        TRACY A. JACOBS