UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETROLEUM ENHANCER, LLC,
a Michigan limited liability company,

        Plaintiff,

v.

        Case Number 07-12425-BC
        Honorable Thomas L. Ludington

LESTER R. WOODWARD,

        Defendant,

POLAR MOLECULAR CORP.,

        Intervenor-plaintiff,

POLAR MOLECULAR HOLDING CORP.,

        Interpleader-plaintiff,

v.

AFFILIATED INVESTMENTS, LLC,
RICHARD SOCIA, CARL HILL, BRUCE
BECKER, A. RICHARD NELSON, DOLORES
COY-DEJONGH, ROBERT MACKENZIE,

        Third-party defendants.
_____ /

In re POLAR MOLECULAR CORP.,

POLAR MOLECULAR CORP.,

        Plaintiff,

v.

        Case Number 09-10247-BC
        Honorable Thomas L. Ludington

PETROLEUM ENHANCER, LLC,

        Defendant.
_____/

**ORDER DENYING PETROLEUM, AFFILIATED, AND THE THIRD PARTY INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DIRECTING POLAR MOLECULAR HOLDING CORPORATION TO FILE A SUPPLEMENTAL COMPLAINT, DENYING AS MOOT THE POLAR COMPANIES' MOTION TO COMPEL DISCOVERY, AND AMENDING CASE MANAGEMENT AND SCHEDULING ORDER**

Now before the Court is Petroleum Enhancer LLC ("Petroleum"); Affiliated Investments, LLC ("Affiliated"); and Richard Socia, Carl Hill, Robert McKenzie, A. Richard Nelson, Delores Coy-DeJongh, and Bruce Becker (collectively, "the third party individual Defendants")'s motion for summary judgment [Dkt. # 97][1] as to the claims of Polar Molecular Holding Corporation ("PMHC"). Petroleum, Affiliated, and the third party individual Defendants contend that PMHC does not have standing to allege any claims against them because the factual allegations in the counterclaims and third party complaint filed by Polar Molecular Corporation ("Polar" or "PMC") and PMHC (collectively, "the Polar companies") relate only to the property, interests, and operations of Polar, not PMHC. It is undisputed that PMHC is a publicly traded Delaware corporation, whose business and operations are conducted through its wholly owned subsidiary, Polar, a privately held Delaware corporation of which PMHC is the sole shareholder.

On November 17, 2009, PMHC filed a response [Dkt. # 100] to the motion for summary judgment. On November 24, 2009, Petroleum, Affiliated, and the named individuals filed a reply [Dkt. # 101]. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the

---

[1] Docket numbers in this opinion refer to docket entry numbers in case number 07-12425, although some documents are also filed in case number 09-10247.

motion for summary judgment will be denied, subject to the filing of a supplemental complaint by PMHC. Additionally, PMHC's pending motion to compel will be denied as moot and the case management and scheduling order amended.

I

On June 5, 2007, Petroleum filed a complaint in this Court, assigned case number 07-12425, against Lester Woodward, an escrow agent, seeking claim and delivery of two assignments pledged to secure a loan note for $600,000 by Polar. Petroleum's complaint alleged that on October 25, 2001, Polar gave a business loan note to Affiliated, by which Polar promised to pay Affiliated $600,000 plus interest by a certain date. In exchange, Polar granted Affiliated a continuing security interest in, inter alia, Polar's rights and interests in certain intellectual property.

On or about October 14, 2004, Affiliated and Polar amended their agreement to require that a previously executed assignment of ownership rights in certain intellectual property be placed into escrow with Woodward. Subsequently, on or about April 26, 2007, Affiliated assigned all of its rights, title, and interest in the security agreement and note with Polar to Petroleum. On May 8, 2007, Petroleum advised Woodward that it was the holder of the note and the security agreement and that Polar was in default of its obligations. Petroleum demanded that Woodward release the executed assignments pursuant to the terms of the agreement. On September 14, 2007, the Court required Woodward to deliver the assignments to Petroleum, as it was uncontested that Polar was in default on payment of the promissory note. On October 29, 2007, the Court entered an order directing Petroleum not to conduct a sale of the collateral before January 7, 2008.

On November 7, 2007, the Court granted Polar and PMHC's unopposed motion to intervene, *see* [Dkt. # 52], and on November 19, 2007, the Polar companies filed counterclaims against

Petroleum and a third-party complaint against Affiliated, Socia, Hill, MacKenzie, Nelson, Coy-DeJongh, and Becker. [Dkt. # 53, 54]. The Polar companies allege claims of breach of fiduciary duty, tortious interference, and civil conspiracy. Generally, they allege that Petroleum is owned by "insiders and stockholders" of the Polar companies, including the third party individual Defendants. They allege that Petroleum was formed for the sole purpose of purchasing Polar's debt in order to obtain the intellectual property collateral. The Polar companies allege that the third-party individual Defendants are using their inside corporate knowledge of the Polar companies in their ongoing attempt to acquire Polar's intellectual properties, worth approximately $400,000,000, for only $2,000,000.

On or about January 11, 2008, Polar filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Colorado. The petition automatically stayed the sale of the collateral. On March 6, 2008, the Court granted a stay of proceedings at the parties' request, to allow time for resolution of Petroleum's motion to dismiss Polar's petition. [Dkt. # 72]. The bankruptcy proceedings were dismissed after Polar's counsel withdrew, citing an ethical conflict in continuing to represent Polar. On July 1, 2008, the Court granted Petroleum's motion to proceed with the sale of the collateral. [Dkt. # 79].

The sale of the collateral was again stayed on or about August 4, 2008, when Polar filed another Chapter 11 petition in the United States Bankruptcy Court for the District of Colorado. On October 21, 2008, Polar commenced an adversary proceeding within the bankruptcy case. In the adversary proceeding, Polar seeks a determination that Petroleum's claim should be disallowed under 11 U.S.C. § 502(b)(1) or subordinated under § 510(c). Generally, Polar alleges that Petroleum, through Socia, Hill, MacKenzie, Nelson, and Coy-DeJongh, and the use of inside

information, planned to strip Polar of its assets by taking control of the Affiliated debt and related security interest under the guise of a Uniform Commercial Code Article 9 sale of the collateral. Polar's first claim for relief, under § 502(b)(1), alleges that Polar is entitled to set off against Petroleum's claim the damages that Polar suffered as a result of "the improper actions" of Petroleum and its principals. In its second claim for relief, under § 510(c), Polar alleges that Petroleum is an insider of Polar and engaged in inequitable conduct that was a breach of the fiduciary duties of the principals of Petroleum to Polar and its creditors.

On January 12, 2009, the bankruptcy court granted Petroleum's motion to transfer the adversary proceeding to this Court, where it has been assigned case number 09-10247. The adversary proceeding was automatically transferred to the bankruptcy court in the Northern Division of the Eastern District of Michigan, pursuant to E.D. Mich. LR 83.50(a). On February 13, 2009, Petroleum filed a motion to withdraw reference of the adversary proceeding to the United States Bankruptcy Court, contending that the factual allegations in the adversary proceeding are similar to the claims of Polar against Petroleum and others as alleged in the Polar companies' counterclaims and third-party complaint filed with this Court on November 19, 2007. In granting Petroleum's motion, the Court emphasized that Polar's response did not dispute the similarity of facts and claims between the adversary proceeding and case number 07-12425. The Court also consolidated the cases through the close of discovery, set for September 30, 2009. *See* [Dkt. # 82, 83].

On July 23, 2009, Polar's Chapter 11 case was converted to a Chapter 7 liquidation. *In re: Polar Molecular Corp.*, No. 08-21608 (Bankr. D. Colo. July 23, 2009); Petroleum Br. Ex. D. On July 28, 2009, the bankruptcy court granted Petroleum's motion for relief from the automatic stay, allowing Petroleum "to exercise all of the rights and remedies against its collateral, including,

without limitation, completion of the foreclosure sale of the Debtor's [Polar's] intellectual property and any other property of the Debtor in which Petroleum Enhancer, LLC owns or possesses a lien or security interest." *In re: Polar Molecular Corp.*, No. 08-21608 (Bankr. D. Colo. July 28, 2009); Petroleum Br. Ex. C. A sale of the collateral was scheduled to take place on September 15, 2009.

II

Petroleum, Affiliated, and the third party individual Defendants first contend that PMHC has not pled sufficient facts to state a valid claim pursuant to Federal Rule of Civil Procedure 10(b), which provides:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

They further contend that PMHC has not complied with Federal Rule of Civil Procedure 8(a)(2), which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." They contend that the Polar companies' counterclaims and third party complaint do not identify any cause of action distinct to PMHC or any factual allegations related to the property or interests of PMHC. Additionally, the counterclaims and third party complaint indiscriminately refer to "Plaintiffs," "Plaintiff," and "Polar" without defining those terms.

Second, Petroleum, Affiliated, and the third party individual Defendants contend that Polar is the only party in interest. They contend that it is solely Polar's claim that:

> . . . the corporate and individual Defendants in this action interfered with its business operations by (1) disclosing confidential information belonging to PMC; (2) interfering with an attempt by PMC to obtain financing to pay off its debt to Petroleum; and (3) wrongfully contacting customers of PMC to disparage or interfere with its operating business interests.

Petroleum Br. 12.  Petroleum, Affiliated, and the third party individual Defendants emphasize that PMHC is a holding company that owns nothing other than the shares of Polar.  They contend that the counterclaims and third party complaint do not contain allegations that a breach of duty or other obligation by any named Defendant has proximately resulted in harm to an asset or business interest of PMHC.

Third, Petroleum, Affiliated, and the third party individual Defendants contend that judicial estoppel bars PMHC from arguing that the claims of Polar belong to it, citing *Bates v. Long Island R.R.*, 997 F.2d 1028, 1037-38 (2d Cir. 1993), and *Ian A.N. Wight v. BankAmerica Corp.*, 219 F.3d 79 (2d Cir. 2000).  They assert:

> A party invoking judicial estoppel must show that (1) the party against whom judicial estoppel is being asserted advanced an inconsistent factual position in a prior proceeding, and (2) the prior inconsistent position was adopted by the first court in some manner.

*AXA Marine & Aviation Ins. (UK) Ltd. v. Seajet Indus. Inc.*, 84 F.3d 622, 628 (2d Cir. 1996) (citing *Bates*, 997 F.2d at 1038).  Petroleum, Affiliated, and the third party individual Defendants emphasize that only Polar, and not PMHC, is a named debtor in the Colorado bankruptcy proceeding and that Polar identified the causes of action in this case as an asset on its bankruptcy schedules. *See In re: Polar Molecular Corp.*, No. 08-21608 (Bankr. D. Colo. Aug. 4, 2008) (Polar's bankruptcy schedules); Petroleum Br. Ex. A.  Petroleum, Affiliated, and the third party individual Defendants contend that Polar's position of entitlement to these claims has been adopted by the bankruptcy court because it exercised jurisdiction over Polar's assets, provided protection through Chapter 11 proceedings, and is overseeing the Chapter 7 liquidation proceedings.  They contend that it would be inconsistent with the bankruptcy proceedings for PMHC to allege that those assets and claims belong to it.

Fourth, Petroleum, Affiliated, and the third party individual Defendants contend that PMHC's "claims" are a "redundant derivation" of the claims belonging to Polar. They contend that if PMHC attempts to argue that it has alleged a cause of action based on a diminution in stock value suffered as the sole shareholder of Polar, the action would be "derivative" and barred by Mich. Comp. Laws § 450.1493(a). They emphasize that Mich. Comp. Laws § 450.1491a defines a derivative proceeding as "a civil suit in the right of a domestic corporation or a foreign corporation that is authorized to or does transact business in this state." They contend that when a shareholder sues to "enforce a claim of the corporation," the action is derivative, citing *Dean v. Kellogg*, 292 N.W. 704 (Mich. 1940). They further contend that activities that affect the shareholder by virtue of "depreciation or diminution in the value of a shareholder's corporate stock" are addressed only through a derivative action, citing *Gaff v. Fed. Dep't of Deposit Ins. Corp.*, 814 F.2d 311, 315, vacated in part on other grounds on rehearing, 828 F.2d 1145 (6th Cir. 1987) (applying Mich. law). Moreover, they contend that PMHC is barred from pursuing the claims pursuant to Mich. Comp. Laws § 450.1493a, which provides:

> A shareholder may not commence a derivative proceeding until all of the following have occurred:
>
> (a) A written demand has been made upon the corporation to take suitable action.
>
> (b) Ninety days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

Finally, Petroleum, Affiliated, and the third party individual Defendants contend that there is no need for PMHC to pursue a derivative action because Polar is pursuing its claims.

In response, PMHC highlights that the pending "motion for summary judgment" identifies a standard of review consistent with a motion for judgment on the pleadings pursuant to Federal

Rule of Civil Procedure 12(c), rather than a motion for summary judgment pursuant to Rule 56(c). Under Rule 12(c), a court must consider all factual allegations in the complaint as true. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (internal citation omitted). Thus, PMHC contends that the Court should not consider matters outside the pleadings. Notably, the outside materials attached to the pending motion, i.e., excerpts from Polar's website [Dkt. # 97-8] and Securities and Exchange Commission proceedings [Dkt. # 97-7], are not material and will be excluded by the Court. The pending motion will be treated as a motion for judgment on the pleadings, consistent with the standard of review advanced in the motion.

In substance, PMHC contends that it has stated non-derivative causes of action on its own behalf, separate from those stated by Polar. PMHC contends that it has alleged that Socia, Hill, Becker, Nelson, Coy-DeJongh, and MacKenzie were fiduciaries of not only Polar, but also of PMHC. PMHC also emphasizes that it has alleged that those individuals interfered with PMHC's efforts to sell $10,000,000.00 worth of preferred stock to IBK Capital Corporation. PMHC emphasizes that only PMHC, and not Polar, was publicly owned; thus, the loss sustained from interference with the sale was unique to PMHC. PMHC emphasizes that Polar, as PMHC's subsidiary, cannot bring a claim on PMHC's behalf. Finally, PMHC contends that judicial estoppel does not apply because PMHC has not taken inconsistent positions – Polar's assertions regarding its ownership of causes of action apply only to those causes of action brought by Polar and the bankruptcy proceedings have not affected the causes of action brought by PMHC.

Indeed, the Polar companies' counterclaims and third party complaint allege the following: Socia was Secretary and Director of both Polar and PMHC, ¶ 18; Hill was a fiduciary of both Polar and PMHC, ¶ 22; Becker was an "insider" of "Plaintiffs," and had access to confidential

information, ¶¶ 28,30; MacKenzie was a director and fiduciary of both Polar and PMHC, ¶¶ 32-33; Nelson was a fiduciary of "Plaintiffs," ¶ 38; and Coy-DeJongh had access to confidential information of "Plaintiffs," ¶ 42. The counterclaims and third party complaint further allege that each of the individuals, with the exception of MacKenzie, is either an "insider," "fiduciary," or "agent" of Petroleum, ¶¶ 20, 23, 29, 39, 43; and that Petroleum is the "alter ego for the individual named Defendants," ¶ 65. The counterclaims and third party complaint further allege that "Defendants are engaged in self dealing," ¶ 72; and "breached their fiduciary duty to Plaintiff, when they undermined Plaintiffs' finance deal with IBK (and thus preventing Plaintiffs from paying off the debt to Defendant Affiliated Investments)," ¶ 69. Finally, the counterclaims and third party complaint allege that Petroleum was formed "for the purpose of acquiring Plaintiffs documents and patents," ¶ 69; and that "Plaintiffs have suffered significant financial loss as a result of Defendants' unlawful and fraudulent actions," ¶ 75.

Based on the fact that the Polar companies' counterclaims and third party complaint identify legal duties owed by the third party individual Defendants to PMHC and allege that Petroleum is an alter ego for those Defendants, PMHC may have stated valid claims and the pending "motion for summary judgment" will be denied. While it is not entirely clear that PMHC's harm can be characterized as separate from Polar's when PMHC's sale of stock was apparently intended to allow Polar to pay off the debt owed to Affiliated, it is possible that the proposed refinancing may have permitted the commercial development of the technology that would have increased the market value of the stock. However, PMHC's causes of action must be based on a breach of a primary duty to PMHC, with a resultant injury to PMHC that is not derived from a breach of duty with a resultant injury to Polar that could be recovered by the trustee if he or she decides to pursue the cause of

action. Additionally, Petroleum's argument that the complaint is unclear in many places, in particular with regards to whether it is referring to Polar or PMHC or both is well founded and the Polar companies will be directed to clarify and separate their claims in a supplemental complaint. Failure to do so may result in dismissal of PMHC's claims.

III

On September 17, 2009, the Polar companies filed a motion to compel discovery [Dkt. # 93], generally seeking to compel depositions of witnesses. In response, Petroleum, Affiliated, and the third party individual Defendants raise two main points, including (1) that Polar does not have standing to pursue its claims due to the Chapter 7 bankruptcy proceeding; that the bankruptcy trustee, Joseph Rosaria, has not yet decided whether to pursue or abandon the action; and that the bankruptcy trustee has represented that he will not retain the Mastromarco Firm; and (2) that PMHC does not have standing to pursue the claims of Polar. In light of the necessity for PMHC to file a supplemental complaint to clarify its counterclaims and third-party complaint, PMHC's motion to compel will be denied as moot. Additionally, the case management and scheduling order will be amended.

IV

Accordingly, it is **ORDERED** that Petroleum, Affiliated, and the third party individual Defendants' motion for summary judgment [Dkt. # 97 (07-12425), # 20 (09-10247)] is **DENIED**.

It is further **ORDERED** that Polar Molecular Holding Corporation is **DIRECTED** to file a supplemental complaint as to its counterclaims and third-party complaint on or before **January 15, 2010**.

It is further **ORDERED** that the Polar companies' motion to compel discovery [Dkt. # 93

(07-12425), # 16 (09-10247)] is **DENIED AS MOOT**.

It is further **ORDERED** that the case management and scheduling order is **AMENDED** as follows:

- Discovery Cutoff: March 5, 2010
- Motions Challenging Experts Filed By: April 2, 2010
- Dispositive Motions Filed By: April 2, 2010
- Pretrial Disclosures: June 25, 2010
- Deadline for motions in limine: July 12, 2010
- Joint final pre-trial order & draft joint jury instructions: August 2, 2010
- Final pre-trial conference: August 9, 2010 at 3:30 p.m.
- Trial: August 24, 2010 at 8:30 a.m

The balance of the case management and scheduling order remains in full force and effect.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 5, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS